UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 16-CR-10350-RGS

UNITED STATES OF AMERICA

v.

MAXIMO RODRIGUEZ,
Defendant.

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CO-CONSPIRATORS' STATEMENTS**

Defendant Máximo Rodriguez, by his attorney, hereby moves this Court to exclude the recorded telephone calls and accompanying translations as inadmissible statements of alleged co-conspirators. As grounds therefor, defendant states:

1. The arrest and subsequent indictment of defendant resulted from an investigation into an alleged conspiracy to possess with intent to distribute, and to distribute, cocaine, involving Juan Ulfany Mateo Soto (hereinafter "Soto") and Angel Torres Leon (hereinafter "Leon"). The government had obtained a wiretap of Soto's phone as part of a broader investigation into a drug trafficking operation, which dated back to 2014.[1]

2. There is no evidence whatsoever to suggest that defendant participated in the above-described conspiracy or that he had anything to do with the transfer of six (6) kilograms of

[1] See United States v. Arias, et al., No. 1:15-cr-10349 (closed 09/08/2017).

Denied. It has long been the rule that statements of alleged co-conspirators may be conditionally admitted in the ordinary course of evidence reserving the Petrozziello ruling until the close. U.S. v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980). RA Stearns DJ 2-16-18.

cocaine at 2:33 p.m. on October 27, 2016, between Soto and Leon, which precipitated the stop of Soto's vehicle shortly thereafter.

3. Rather, the government alleges that defendant participated in an attempt to recover the cocaine after the vehicle in which it was being transported by Soto was towed by the police in connection with an alleged traffic violation.

4. The government's case rests entirely on the allegations that defendant: 1) while using Soto's phone, told co-defendant Hector Gomez (hereinafter "Gomez") that the tow company would give the vehicle to its owner, and that the vehicle could not be searched;[2] and 2) used his van to cut off the tow truck at the intersection of E. Haverhill Street and Prospect Street as it transported the vehicle to the tow lot.[3]

5. No calls on defendant's phone were ever intercepted with Soto before, on, or after the October 27, 2016 incident, when Soto's vehicle was towed.

6. The government now seeks to introduce statements of alleged co-conspirators on intercepted calls in order to prove

---

[2] Exhibit A, Linesheet, Session 2090. The linesheets identify Gomez as "Chiqui," Soto as "Makarena," and co-defendant, Wallington Garcia, as "Ariel." Defendant is identified by his last name.

[3] Exhibit B, Excerpt of Report of Investigation, Department of Homeland Security, ¶17.

its case against defendant.[4] However, these statements are inadmissible.

7. Pursuant to Fed. R. Evid 801(d)(2)(E), statements of co-conspirators are not hearsay and are admissible if the party seeking to admit the statement shows that "it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy." United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977). With regard to evidence of membership in the conspiracy, "[a] coconspirator's statement, standing alone, is insufficient to meet the preponderance standard of Rule 801(d)(2)(E)." United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993). "The proponent of the statement must introduce some 'extrinsic evidence . . . sufficient to delineate the conspiracy and corroborate the declarant's and the defendant's roles in it.'" United States v. Mitchell, 596 F.3d 18, 23 (1st Cir. 2010) (quoting United States v. Piper, 298 F.3d 47, 52 (1st Cir. 2002)). This extrinsic proof must establish that the defendant and declarant "[are] aware of

---

[4] The government seeks to introduce ten (10) recordings and translations of intercepted calls containing these statements . See Exhibits C and D. These draft linesheets are not the official translations the government is seeking to introduce, (see Exhibits A-K to Document 227, filed on 11/30/2017), however, these linesheets provide the time and date of the recording, whereas the government's proposed translations do not.

the conspiracy's features and general aims." United States v. Marino, 277 F.3d 11, 25 (1st Cir. 2002). As to the question of whether the statement was made in furtherance of the conspiracy, "[a] judicial determination that a coconspirator's statement tended to further the conspiracy must be supported by some plausible basis in the record . . . the proponent is not entitled to a free pass." United States v. Ford, 839 F.3d 94, 107 (1st Cir. 2016)(internal quotations and citations omitted).

8. The government seeks to introduce three phone calls that occurred prior to defendant's alleged phone call at 3:02:49 p.m. on October 27, 2016. (Ex. A)[5] However, the government has failed to show any independent evidence whatsoever that defendant was in anyway connected to any of the alleged co-conspirators, let alone involved in any conspiracy, at the time these three phone calls were made. As such, these three calls are hearsay and are inadmissible against defendant.

9. The government also seeks to introduce seven additional intercepted phone calls of co-defendants, which occurred subsequent to the sole phone call in which defendant is an alleged declarant.[6] However, the evidence of defendant's alleged statement in the single phone call attributed to him, and his alleged attempt to cut off the tow truck, is insufficient to

[5] Exhibit C, Linesheets, Sessions 137, 2042,, and 2083.
[6] Exhibit D, Linesheets, Sessions 2092, 2093, 2099, 2111, 2123, 2131, and 2291.

establish by a preponderance of the evidence that defendant had any knowledge that there was cocaine in the vehicle, or that he had entered into an agreement to possess cocaine with intent to distribute it.

10. Since the government has failed to establish by a preponderance of the evidence that defendant was a member of an alleged conspiracy to possess with intent to distribute cocaine, the statements made by his alleged co-conspirators are inadmissible against him.

WHEREFORE, defendant prays that this Court hold a hearing on this motion and, after hearing, exclude all statements of alleged co-conspirators which the government seeks to introduce against him.

Respectfully submitted,

s/Jonathan Shapiro
Jonathan Shapiro
BBO No. 454220
Shapiro Weissberg & Garin LLP
90 Canal Street, Suite 500
Boston, MA 02114
617-742-5800

Certificate of Service

This is to certify that the foregoing document, filed through the ECF system, has been served electronically on the registered participants identified on the Notice of Filing on February 13, 2018.

s/Jonathan Shapiro
Jonathan Shapiro